IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATRINA BLACKWOOD                                                                              PLAINTIFF

VS.                                                               CIVIL ACTION NO: 1:04cv687WJG-JMR

HOME DEPOT U.S.A., INC.                                                                        DEFENDANT

MEMORANDUM OPINION

This cause is before the Court on the motion for summary judgment [25-1] filed by the Defendant, Home Depot U. S. A., Inc. [Home Depot], pursuant to Federal Rule of Civil Procedure 56.  After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

Statement of Facts

Plaintiff filed the Complaint on August 2, 2004, alleging personally injuries resulting from an incident that occurred on or about August 3, 2001.  On September 6, 2002, prior to the filing of the present suit, Plaintiff sought Chapter 7 bankruptcy protection by filing a voluntary petition in Cause No. 02-54406 in the United States Bankruptcy Court for the Southern District of Mississippi.  (Ct. R., Doc. 25, Exh. A.)  Plaintiff was discharged and the estate closed on December 20, 2002.  (*Id.*)  Home Depot now seeks summary judgment, alleging that Plaintiff's cause of action belonged to the bankruptcy estate thus depriving Plaintiff of standing to pursue the matter in this Court.

Standard of Review

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  All disputed facts

are resolved in favor of the party opposing the summary judgment. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir. 2001). The nonmoving party may not rely upon mere allegations or denials within the pleadings, but must come forward with specific facts showing the presence of a genuine issue for trial. *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment." *Id.* at 709. Once a properly supported motion for summary judgment is presented, however, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

<u>Discussion</u>

Home Depot seeks summary judgment, alleging that Plaintiff's cause of action belonged to the bankruptcy estate thus depriving Plaintiff of standing to pursue the matter in this Court. Interpreting 11 U.S.C. § 541, the Fifth Circuit has held that the reference, "all legal or equitable interests of the debtor in property," includes causes of action belonging to the debtor at the time the case is commenced. *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988). "Causes of action that accrued prior to the filing of a bankruptcy petition or prior to the debtor's discharge in bankruptcy 'are property of the bankruptcy estate and may only be prosecuted by the bankruptcy trustee,' the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure." *Byrd v. Potter*, 306 B.R. 559, 562 (N.D. Miss. 2002) (internal citation omitted).

It is undisputed that the Plaintiff's cause of action accrued prior to her bankruptcy filing and would constitute property of the bankruptcy estate. "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." *Byrd*, 306 B.R. at 562. Plaintiff's bankruptcy docket contains a statement of "No asset," thus it appears that Plaintiff failed to include her potential cause of action as an asset. (Ct. R., Doc. 25, Exh. A.) Plaintiff has offered nothing to dispute Home Depot's evidence and argument.

Because Plaintiff's cause of action was not scheduled, it could not be abandoned and remains the property of the estate. *Id.* at 562-63. Consequently, the Court finds that Plaintiff does not have standing to bring the instant civil action.

## Conclusion

For the foregoing reasons, the Court finds that there is no genuine issue of material fact and that Home Depot is entitled to summary judgment. This cause should be dismissed for Plaintiff's lack of standing. A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. Each party shall bear their respective costs associated with this motion.

THIS the 30th day of January, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE